UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURIE ANN BUCHANAN,

Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of Social Security,

Defendant.

NO. C2:14-CV-00370-RAJ-JLW

REPORT AND RECOMMENDATION

BASIC DATA

Type of benefits sought:

(X) Disability Insurance

Plaintiff's:

Sex: Female

Age: 56 at application, 57 at ALJ hearing

Principal Disabilities Alleged by Plaintiff: Chronic low back and buttock pain, Depression

Disability Allegedly Began: May 24, 2010

Principal Previous Work Experience: utilization review coordinator

Plaintiff Last Worked: May 2010

Education Level Achieved by Plaintiff: AA nursing degree, RN certification

PROCEDURAL HISTORY – ADMINISTRATIVE

Before ALJ Helen Francine Strong:

Date of Hearing: August 29, 2012

Date of Decision: October 26, 2012

Appears in Record at: Decision AR 16-25, Hearing Transcript AR 32-75

Summary of Decision:

Claimant has not worked since her alleged onset date. She has the severe impairments of peripheral neuropathy and degenerative disc disease. Her major depressive disorder is non-severe. Claimant has the residual functional capacity (RFC) to perform light work including occasionally lifting and carrying up to 20 lbs, and frequently lifting and carrying up to 10 lbs. She can stand, walk, and sit for six hours of an eight hour day. She can occasionally use foot controls, climb ramps and stairs, balance, stoop, kneel, crouch and crawl. She cannot climb ladders, ropes, or scaffolds. She can frequently finger and has no limitations to reaching and handling. She should avoid concentrated exposure to vibrations, hazards, and heights. Based on this RFC, Claimant can perform her past relevant work as a utilization review coordinator. According to a Vocational Expert (VE), she can also perform the representative jobs of occupational health nurse, first aid nurse, infection control nurse, and resident supervisor. Claimant is not disabled.

Before Appeals Council:

Date of Decision: January 14, 2014

Appears in Record at: AR 1-3

Summary of Decision: Review Declined

## PROCEDURAL HISTORY – THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff (X) Commissioner

## RECOMMENDATION OF

## UNITED STATES MAGISTRATE JUDGE

(X) Reverse and remand for award of benefits

## SUMMARY OF RECOMMENDATION

The ALJ failed to discuss the opinions of Plaintiff's therapist and two physicians. Although Commissioner admits error in failing to discuss the medical witnesses who address Plaintiff's mental impairments, additional errors concerning evaluation of her physical impairments require reversal. The ALJ improperly gave little weight to the opinion of Plaintiff's treating physician and the statements of Plaintiff and her brother. Crediting the statements of the treating physician, Plaintiff, and her brother, Plaintiff cannot meet even the most basic sitting/standing/walking requirements for a sedentary job. Further proceedings have no useful purpose. The claim should be remanded for payment of benefits.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court must set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

EVALUATING DISABILITY

The claimant bears the burden of proving that she is disabled within the meaning of the Social Security Act (the "Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999) (internal citations omitted). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant is disabled under the Act only if her impairments are of such severity that she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R. §§ 404.1520, 416.920. The claimant bears the burden of proof during steps one through four. At step five, the burden shifts to the Commissioner. *See also Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009).

ISSUES ON APPEAL

1. Did the ALJ err by failing to discuss or reject the opinions of Marcia Robbins, MSW, LICSW, and Drs. Wood and Yang?

2. Did the ALJ properly reject the opinion evidence from Plaintiff's treating physician, Joan Olson, M.D.?

3. Did the ALJ properly reject Plaintiff's testimony?

4. Did the ALJ properly consider the lay witness testimony from Neil Buchanan?

DISCUSSION

The Commissioner concedes that the ALJ erred by failing to discuss or reject the evidence from Sue Wood, M.D. and Marcia Robbins, MSW, LICSW pertaining to Plaintiff's mental impairments. The Commissioner requests remand for additional proceedings, including evaluation of the opinions, reevaluation of Plaintiff's mental impairments, reassessment of her RFC, and ability to perform her past relevant work or other work. However, Plaintiff raises additional errors which must be addressed before determining the proper disposition of the claim.

I. Medical Evidence

The ALJ evaluates medical evidence as part of the record when determining disability. 20 C.F.R § 416.927(b). Medical opinions of treating physicians are accorded special weight. *Embrey v. Bowen*, 849 F.2d 418, 421 (9th Cir. 1988). "The ALJ must either accept the opinions of…treating physicians or give specific and legitimate reasons for rejecting them." *Id*. at 422 n.3.

A. *Thomas Yang, M.D.*

Thomas Yang, M.D. is a pain specialist with Swedish Pain Clinic who began seeing Plaintiff in August 2009. AR 314-5. He determined that her neuropathic pain could be treated with a spinal cord stimulator which he implanted in October 2009. AR 315, 442-3. In May 2010, Dr. Yang noted that Plaintiff had developed upper extremity numbness and signs of myelopathy. AR 352. Soon after, Dr. Yang reported that Plaintiff was doing well with her spinal stimulator but still could not sit long enough to work and was having issues with her arms. AR 305.

The ALJ only made brief reference to Dr. Yang's years of treatment of Plaintiff's pain.

> Dr. Yang saw the claimant on February 17, 2012; it was noted that her stimulator still helped with pain and "she is managing to be reasonably active and tries to walk daily, which the stimulator helps." Dr. Yang told the claimant he did not need to see her for another year, indicating that he found her to be stable and without need for further treatment at that time. AR 22.

The ALJ did not discuss or weigh Dr. Yang's medical evidence as to Plaintiff's pain and ability to function. The failure to accept or reject Dr. Yang's opinion for a specific and legitimate reason was legal error.

B. *Joan Olson, M.D.*

Joan Olson, M.D. is Plaintiff's internist and treated her from 2004. AR 466. The ALJ gave Dr. Olson's opinion little weight due to inconsistencies between August 2010 and December 2011 functional evaluations, and between Dr. Olson's opinions and treatment records which show Plaintiff's pain improving rather than worsening. AR 22-3. The ALJ concluded that the record "suggests not that that claimant or Dr. Olson believe her completely disabled but that she instead needed a respite from her current position for a limited period." AR 21.

Dr. Olson completed two assessments of Plaintiff's physical capacity during an eight hour day. AR 460-462, 464-466. The August 2010 assessment states that Plaintiff is unable to sit, stand or walk during a work day, noting that "she can be in any one position for only 10 minutes." AR 465. Dr. Olson also determined that Plaintiff can occasionally lift and carry up to 20 lbs. AR 465. December 2011, Dr. Olson noted that Plaintiff can sit one hour, stand/walk for two hours, and needs an opportunity to alternate sitting and standing at will. AR 460. Additionally, Plaintiff can occasionally lift up to 10 lbs. AR 461.

Plaintiff acknowledges that some portions of Dr. Olson's evaluations are inconsistent. The poundage of Plaintiff's lifting/carrying capacity and length of time she can sit/stand/walk differ. AR 460-1, 465. However, while the specifics may differ, the gist of the two assessments

is consistent—Plaintiff cannot sit, stand or walk in any combination to complete an eight hour work day. The December 2011 form, which states that Plaintiff can sit for an hour and stand/walk for two hours, notes that "if the combined number of hours of sitting, standing/walking does not add up to eight hours, it will be assumed patient cannot maintain body posture consistent with full-time work." AR 460. Dr. Olson's evaluations both demonstrate Plaintiff's inability to meet the physical requirement for work. The minor inconsistencies are not a specific and legitimate reason to reject important evidence from a long-term treating physician.

C. *Marc Kirschner, M.D.*

Marc Kirschner, M.D. is a neurologist who examined Plaintiff and performed a nerve conduction study. AR 470-2. Dr. Kirschner reported,

> [t]he patient's chronic pain disorder is of a neuropathic origin, and there has been and still is objective evidence of lumbosacral plexus injury that could explain her disabling pain. I do not anticipate that this will improve spontaneously after as many years as it has been present. I advised the patient that I would support her contention that her pain problem is disabling as she is currently applying for Social Security disability. AR 470.

The ALJ dismissed Dr. Kirschner's opinion. "Dr. Kirschner speculated that an injury to the claimant lumbosacral plexus from a prior car[1] injury 'could' explain her pain but did not present evidence [in] support of this speculation." AR 21-2. This does not correctly summarize the medical opinion. Dr. Kirschner found that Plaintiff's left lower extremity pain was likely related to a scar in the left lumbosacral plexus with residual sural axonopathy as noted on the abnormal nerve conduction study. AR 470-2. This objective medical evidence shows a lumbosacral plexus injury that may be the origin of Plaintiff's pain. The ALJ chose to give

[1] Plaintiff raises the possibility that scrivener error resulted in "car injury" rather than "scar injury." Regardless, the ALJ rejected Dr. Kirschner's interpretation of the medical findings without explanation.

little weight to the expert opinion of this neurological specialist. Instead, the ALJ disregarded the opinion as speculation despite the objective evidence. This was error. "The ALJ must set out in the record his reasoning and the evidentiary support for his interpretation of the medical evidence." *Tackett*, 180 F.3d at 1102. Without providing support for the contention that Dr. Kirschner was merely speculating as to the source of Plaintiff's disabling pain, the ALJ improperly disregarded Dr. Kirschner's medical evidence when establishing Plaintiff's RFC.

D. *Robert Hoskins, M.D.*

Rather than rely on the opinions of Plaintiff's treating physicians, the ALJ based the RFC on the assessment of agency consulting physician Robert Hoskins, M.D. AR 22. "Dr. Hoskins opinion is granted significant weight; his opinion is consistent with the medical evidence of record and considers the claimant's pain complaints but also the lack of objective evidence such as imagining or significant neurological deficits in making his determination." AR 22. However, Dr. Hoskins' RFC was formulated in September 2011, before submission of Dr. Kirschner's medical evidence and an additional assessment by Dr. Olson. AR 96-100. In December 2011, Dr. Olson gave an evaluation of Plaintiff's physical capacities and opined that her pain was disabling to the extent that it would prevent Plaintiff from working full time at even a sedentary position. AR 462. Dr. Kirschner's report from 2012 supports this opinion. As described above, Dr. Kirschner opined that Plaintiff's pain had a neuropathic origin and was unlikely to improve. AR 470. Dr. Kirschner further noted that he advised the Plaintiff that he would support the contention that she is disabled by her pain. AR 470.

Dr. Hoskins reviewed Plaintiff's record before submission of these two explicit opinions that Plaintiff is disabled by her pain. Dr. Hoskins had no opportunity to consider these treating and evaluating physician assessments and incorporate them into his RFC. The ALJ relied heavily upon this consultant's evaluation of the record despite the important medical evidence

subsequently submitted. The ALJ erred in according substantial weight to this opinion, in light of the more recent evidence in the record.

II. Plaintiff's Credibility

The ALJ is responsible for determining credibility. *Andrews*, 53 F.3d at 1039. In order to reject the claimant's complaints, the ALJ must provide "specific, cogent reasons for the disbelief." *Lester v. Chater*, 81 F.3d 821, 834 (1995). Without evidence of malingering, the reasons for rejecting the claimant's testimony must be clear and convincing. *Id*. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Id*. Here, the ALJ found that Plaintiff's allegations were not fully credible.

> While the medical evidence of record does indicate that she does experience some level of chronic pain, it also shows that the claimant's pain has been improved and controlled with the successful use of medications. Furthermore, there is a lack of objective evidence to support the claimant's allegations; imaging has not revealed any nerve root compression or significant degenerative disc disease and her neurological findings have been normal or show own only minor deficits. The objective evidence is not commensurate with the claimant's subjective complaints. Furthermore, the claimant was able to work for number of years, with pain levels greater than those currently indicated—her pain, according to the record, has improved since the AOD [alleged onset date]. AR 22.

The ALJ found that the objective medical evidence does not support Plaintiff's allegations of disabling pain. However, this does not comport with the legal standards for credibility determination, particularly with regard to pain. "In evaluating the credibility of pain testimony after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity of pain." *Burch v. Barnhart*, 400 F.3d 676,

680 (9th Cir. 2005). The lack of objective medical evidence that proves the severity of pain is legally insufficient to discredit Plaintiff.

Furthermore, the record contradicts the ALJ. Dr. Olson cited to medical evidence to support her assessment that Plaintiff had a reasonable medical basis for the pain. "She has some evidence of myelopathy per pain specialist." AR 462. Dr. Kirschner also provided an opinion that Plaintiff's radiating pain likely related to a left lumbosacral plexus injury resulting in sural axonopathy as shown by her abnormal nerve conduction study. AR 470, 472. These reports both show the existence of objective medical evidence supporting Plaintiff's complaints of pain.

The ALJ also doubted Plaintiff's credibility because the medical evidence shows that her pain has improved. AR 22. The record shows that Plaintiff's pain is "controlled" through narcotics, spinal cord stimulator, lying on her side, and ice packs. AR 47-8. At the hearing, Plaintiff testified that this treatment decreases her pain from 8/10 to a more tolerable 6/10. AR 48. Even with treatment, her pain remains severe with serious impact on her quality of life. AR 44-8, 453, 409-12, 356. The fact that her pain has improved does not necessarily mean that Plaintiff now has the capacity to work.

In addition to questioning Plaintiff due to slight improvement in her level of pain, the ALJ also cited Plaintiff's years of work to cast doubt on her credibility. Plaintiff worked for years with a high level of pain by lying down to work on her laptop. AR 356, 358. She applied for disability when she developed pain in her upper arms and shoulders from working in this prone position. AR 356. Her back and buttock pain may have improved slightly, but the new upper extremity pain was the reason she felt she could no longer work. AR 356. The record demonstrates that Plaintiff wants to work, despite her chronic condition. AR 412. Rather than

use her effort to remain productive as a strike against her credibility, the ALJ should have considered this as a sign of her truthfulness.

None of the reasons cited cast doubt on Plaintiff's credibility. The ALJ dismissed Plaintiff's testimony without clear and convincing evidence based on substantial evidence in the record.

III. Lay Witness Testimony

"In determining whether a claimant is disabled, an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006). Lay witness testimony includes evidence of the claimant's symptoms or the impact of impairment on claimant's ability to work. *Id*. A germane reason is required to disregard evidence from a lay source. *Turner v. Comm'r of Soc.Sec. Admin.*, 613 F. 3d 1217, 1224 (9th Cir. 2010).

Neil Buchanan is Plaintiff's brother. He provided a lay witness statement based on his observations gathered during the significant amount of time he spends with her. The ALJ gave little weight to Mr. Buchanan's assessment. "[H]is assertions, while consistent with those of the claimant (which have been found not fully credible) are inconsistent with the objective medical evidence which does not contain objective evidence consistent with Mr. Buchanan's opinion (i.e., the lack of imaging, normal neurological findings, improves [sic] pain control with medications." AR 23.

However, the ALJ cannot discredit lay testimony as unsupported by the medical record. *Bruce v. Astrue*, 557 F.3d 1113, 1116 (9th Cir. 2009). Rejection of lay testimony because medical records do not corroborate symptoms, "violates SSR 88–13, which directs the ALJ to consider the testimony of lay witnesses where the claimant's alleged symptoms are *unsupported* by her medical records." *Smolen v. Chater*, 80 F.3d 1273, 1289 (9th Cir. 1996).

The ALJ's reliance on the lack of medical records to reject Mr. Buchanan's lay statement was legal error.

IV. Disposition

The ALJ made several significant errors in the determination of Plaintiff's claim. The Commissioner contends that the record creates serious doubt that Plaintiff is disabled and further proceedings are required. Plaintiff requests remand for award of benefits under the credit-as-true rule.

The decision whether to remand for additional evidence or simply to award benefits is within the Court's discretion. *Reddick v. Chater*, 157 F.3d 715, 728 (9th Cir. 1998). A remand for award of benefits is appropriate when each part of the three-part credit-as-true standard is satisfied. *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The requirements are:

> (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Id*.

In this case, the ALJ improperly rejected evidence from Drs. Olson, Yang, and Kirschner, as well as Mr. Buchanan, and the Plaintiff, herself. Improperly rejected testimony from the claimant is credited as a matter of law. *Lester*, 81 F.3d at 834. "[W]here the ALJ improperly reject's the claimant's testimony regarding his limitations, and the claimant would be disabled if his testimony were credited, 'we will not remand solely to allow the ALJ to make specific findings regarding that testimony.'" *Id*. Improperly rejected physician opinions are also credited as a matter of law. *Id*.

The Commissioner requests that the court exercise the "flexibility" that is "properly understood as requiring courts to remand for further proceedings when, even though all

conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison*, 759 F.3d at 1021. The request is based on the minor inconsistencies in Dr. Olson's statement and the reliability of Plaintiff's subjective complaints. This "serious doubt" is merely a reiteration of issues already raised and discussed above, issues which not negatively impact the evidence of Plaintiff's disabling pain.

The evidence from physicians, lay witnesses, and the Plaintiff consistently shows impairments of disabling severity. Dr. Olson's medical assessments make clear that Plaintiff is unable to sustain an eight hour workday. The most generous assessment states that Plaintiff can only sit for an hour and stand/walk for two hours. Dr. Kirschner opined that Plaintiff was unlikely to improve and that her pain was disabling. Dr. Yang reported that Plaintiff cannot sit long enough to work even with her spinal cord stimulator. AR 305. The testimony submitted by both Plaintiff and her brother demonstrates that Plaintiff spends most of her day lying down with only brief periods of mobility.

The evidence demonstrates that Plaintiff cannot perform the light work assessed in her RFC. The ALJ's RFC and hypotheticals to the Vocational Expert clearly do not reflect Plaintiff's true capacity. Crediting the evidence as true, Plaintiff cannot sustain even sedentary employment. Remanding for further proceedings merely to have a VE answer hypotheticals reflecting Plaintiff's true RFC serves no useful purpose. With the capacity to sit/stand/walk only a combined three hours a day, she cannot meet the most basic demands of an eight hour work day. As a result, Plaintiff is entitled to benefits.

The court appreciates the Commissioner's admission that the ALJ erred by failing to evaluate the medical evidence pertaining to Plaintiff's mental impairments. However, the ALJ also committed several other errors pertaining to her physical impairments. Those other errors are sufficient to require reversal and a remand for the award of benefits.

CONCLUSION

For the foregoing reasons, the Court recommends that this case be REVERSED and the case REMANDED for award of benefits. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, must be filed with the Clerk and served upon all parties to this suit no later than fourteen (14) days after the date on which this Report and Recommendation is signed. If no timely objections are filed, the Clerk shall note this matter for the earliest Friday after the deadline for objections, as ready for the Court's consideration. Failure to file objections within the specified time may affect a party's right to appeal.

If objections are filed, any response is due within fourteen (14) days after being served with the objections. A party filing an objection must note the matter for the court's consideration fourteen (14) days from the date the objection is filed and served. Objections and responses shall not exceed twelve pages.

DATED this 10th day of October, 2014.

JOHN L. WEINBERG
United States Magistrate Judge